Pearson, C. J.
 

 We do not concur with his Honor in regard to the construction of the instrument sued on.
 

 The plaintiff deposited in bank as a
 
 general
 
 deposit the sum of $480. Without more saying, this would have entitled him to demand of the bank that amount in
 
 specie;
 
 and, for the purpose of qualifying his demand, it is set out that the funds deposited, amounting to $480, consisted of current notes of the different banks of the State of North Carolina, which were then at or about par, but for which the bank was not willing to oblige itself to pay specie, and it is accordingly stipulated — “which
 
 sum
 
 is payable in
 
 like current notes.”
 
 When the certificate was presented, none of the notes of the banks of the State were current. They had all so far depreciated as no longer to circulate as currency, and instead thereof had become articles of merchandise, without retaining in any degree the character of current money.. Owing to this change in the condition of things, the bank was unable to perform its stipulation, to pay the sum of $480 in like current notes; and the question is, on whom shall the loss fall ? Obviously it must fall on the bank, for it has had the use of the plaintiff’s money, and is finable to return funds of the same kind; and, surely, the plaintiff has a right to expect funds as good as what he deposited. There is nothing to support the inference that, according to the understanding, he took upon himself the risk of loss, in case of utter depreciation of the notes of all of the banks, including those of the Bank of Cape Fear, which seems to
 
 *420
 
 Rave been the idea of Iiis Honor in rendering judgment for the value of the notes of that bank.
 

 We think that the plaintiff wasliberal in offering to accept currency of the United States in satisfaction of his certifL cate of deposit.
 

 The cases of
 
 Hamilton
 
 v.
 
 Eller,
 
 11 Ire., 276;
 
 Lackey
 
 v.
 
 Miller,
 
 ante, 26, are distinguishable from our case.. In each of these cases a literal construction is adhered to, which seems to meet the question of the respective cases, and the intention of the parties.
 
 EUer
 
 owed Hamilton the sum of $150, which Hamilton agreed to receive “in good trade, to be valued,” &c., provided it was delivered on or before the first day of January 1844.
 
 EUer
 
 failed to deliver the trade, and was obliged to pay the $1
 
 Miller
 
 in 1865 bought a cow of Lackey, worth $20 in good money, and gave his note for “ $71 in current bank notes.” It was held that did not create a debt of seven-ty-on¿ dollars in .money, or United States coin, but was a promise to pay “ seventy-one current bank money dollars,” and a distinction is taken between a promise to pay in bank notes, and a promise to pay in money, and a promise to pay in “ currency,” which was even still more depreciated.
 

 In our case, the plaintiff deposits with the bank $480, and, as he made the deposit in current bank notes, then at about par, he agreed to receive “ like current bank notes,’’ which the defendant is not in a condition to pay, and our decision is that payment must be made so as to put the loss on the bank, and not on the depositor.
 

 Per Curiam. Judgment reversed, and judgment on the case agreed for $480, with interest.